# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKLEY ASSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> OLAM AMERICAS, INC., et al., <br><br> Defendants. | Case No.  1:22-cv-00904-SAB <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING WITHDRAWING MOTION TO DISMISS AND MOTION FOR JOINDER FOR FAILURE TO APPEAR <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE <br><br> (ECF Nos. 14, 22, 30) <br><br> **OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

**I.**

**INTRODUCTION**

On October 18, 2022, Defendant Olam Americas, Inc. ("Olam"), filed a motion to dismiss, and on December 6, 2022, filed a motion for joinder or more definite statement. (ECF No. 22.) The Court held a hearing on both motions on January 11, 2023 at 10:00 am. (ECF Nos. 23, 30.)  Robert Hinckley and Robin Jung appeared on behalf of Plaintiff, and John Flock appeared on behalf of Defendant Smirk's LTD ("Smirk's"). (ECF No. 30.) Counsel for Smirk's did not join in the pending motions. No appearances were made on behalf of movant Defendant Olam, and the Court has not been notified as to any reason for the nonappearance. For the reasons explained herein, the Court recommends Defendant Olam's motions be deemed

withdrawn pursuant to Local Rule 230(i).

## II.

### DISCUSSION

Olam's motion to dismiss was fully briefed and ready for adjudication with the filing of Plaintiff's reply on November 10, 2022. (ECF Nos. 14, 18, 19.) On November 14, 2022, pursuant to the parties' stipulation, the Court continued the hearing on the motion to dismiss until January 4, 2023. (ECF No. 21.) On December 6, 2022, Defendant Olam then filed the motion for joinder and more definite statement pursuant to Federal Rules of Civil Procedure 12(b)(7), and 12(e). (ECF No. 22.) In part, Olam submitted that Plaintiff "has three choices," the first of which was proffered to be "Arte Sano can be joined as a party." (ECF No. 22 at 3.) The motion noted that as for the timing of the filing, "although Olam has already filed a motion pursuant to FRCP Rule 12, this further motion is permitted under FRCP Rule 12, subsections (g) and (h)."[1] (Id.) The motion indeed requested that the Court order Plaintiff to file an amended complaint clarifying its claims, specifically, (1) "Stating whether or not Arte Sano has assigned to Berkley Arte Sano's uninsured losses and-if such assignment has been made – stating the essential terms of such assignment"; (2) "Stating the sum that Berkley paid to Arte Sano in insured losses, such sum being the dollar amount to which Berkley is subrogated"; and (3) "If, after making the above clarifications, Berkley does not meet the amount in controversy threshold for a diversity action, Olam requests that the court dismiss the action for lack of diversity subject matter jurisdiction." (Id. at 11.)

The Court set both matters for hearing on January 11, 2023 at 10:00 am. (ECF No. 23.) On December 20, 2022, Plaintiff filed a stipulation agreeing to extend Plaintiff's time to file an opposition to the motion for joinder. (ECF No. 24.) The filing indicated that Plaintiff was speaking with Arte Sano, LLC ("Arte Sano"), regarding exercising one of the three options

---

[1] Rule 12(g) provides: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Rule 12(h)(2) provides: "Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2)(A)-(C). Rule 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

proffered in the motion for joinder.  (Id. at 2.)  The filing was not signed by defense counsel, but an email was attached indicating Olam's agreement with a corresponding extension of the time to file a reply.  (ECF No. 24-1.)  Despite the proffered option of joining Arte Sano stated in the motion, the filing provided no information concerning a potential agreement to file an amended complaint, nor any proffered extension of the time to file an amended complaint under Rule 15. See Fed. R. Civ. P. 15(a)(1)(B) ("if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").  The attached email only reflects Plaintiff requesting an extension to respond to the motion, and Olam agreeing "with corresponding extension on the reply."  (ECF No. 24-1.)

On December 27, 2022, Plaintiff filed a notice of filing a first amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), and that it was being "filed as a responsive pleading" to the motion for joinder.  (ECF No. 26.)  The same date, Plaintiff filed the first amended complaint on the docket, with Arte Sano, LLC, added as an additional Plaintiff. (ECF No. 27.)  On January 6, 2023, Plaintiff filed a notice of adding Arte Sano as a party.  (ECF No. 29.)  No reply was filed to the Plaintiff's first amended complaint, indicating whether the amendment was sufficient to moot out Olam's motion(s), or otherwise any filing regarding the motions before the January 11, 2023. hearing was held.

In addition to the order continuing the hearing entered on the docket, on January 3, 2023, a date after the filing of the amended complaint, the Courtroom Deputy emailed counsel the time and login information for the January 11, 2023, at 10:00 a.m. hearing.  The hearing was never vacated, and no counsel appeared on behalf of Olam on January 11, 2023.  (ECF No. 30.)  Local Rule 230(i) provides that "[a]bsent notice of intent to submit the matter on the briefs, failure to appear may be deemed withdrawal of the motion or of opposition to the motion, in the discretion of the Court, or may result in the imposition of sanctions."  L.R. 230(i).  Accordingly, the Court shall recommend the motions be deemed withdrawn for failure to appear.

It is not completely clear if Plaintiff's amended complaint would satisfy Olam's specific requirements alluded to in the motion for joinder, although it appears to be in line with the

1  motion's request. (ECF No. 22 at 11.) The Court wished to inquire from Olam at the hearing as
2  to whether the motions were moot and whether the amended complaint should be deemed
3  operative and that the amendment was appropriately filed. Given no reply and no appearance by
4  Olam, perhaps counsel believed the motions were moot with the purported filing of the first
5  amended complaint, however, counsel did not appear and the Court is left without a full picture
6  of the parties' positions on the procedural posture of this case in relation to the motions.

7  At the hearing, Plaintiff presented arguments concerning the ability to file an amended
8  complaint pursuant to Rule 15, proffering that the motion for joinder reset the period for
9  amendment, and the extension of time to file an opposition extended the period further. The
10 Court finds the arguments reasonable. Further, even if Plaintiff were required to move for leave
11 to amend, the standards for granting amendment at this stage of the pleadings would be
12 extremely liberal. However, Defendant Olam has not been heard on the issue, and while they
13 failed to appear, at the hearing, counsel for Defendant Smirk's was present, and that counsel
14 indicated they were not prepared to discuss the issue of the propriety of amendment as they were
15 only attending the hearing prepared to observe the arguments concerning Defendant Olam's
16 motions.[2] Thus, while it appears the amendment may likely be proper under Rule 15, the Court
17 is wary of making a determinative finding regarding the amendment until the parties have had
18 meaningful opportunity to be heard on that particular issue, or at least to meet and confer
19 following the hearing.

20 Thus, the Court will recommend Olam's motions be withdrawn for failure to appear,
21 however, the Court will not make any further recommendations concerning Plaintiff's submitted
22 first amended complaint, at this juncture. In this regard, the likely most prudent course of action
23 is for the parties to stipulate to some sort of agreement regarding the filing of the amended
24 complaint and the withdrawal of the pending motions. If that is done, the Court can withdraw
25 the findings and recommendations without burdening a District Judge with consideration of these
26 issues, and without delaying this action through the objection period. The Court will also accept

---

[2] Smirk's filed an answer on November 1, 2022. (ECF No. 17.)

a stipulated briefing schedule on a motion for leave to amend if the parties disagree as to the ability for Plaintiff to amend.

### III.

### RECOMMENDATION AND ORDER

For the above explained reasons, IT IS HEREBY RECOMMENDED that Defendant Olam's motion to dismiss, (ECF No. 14), and motion for joinder and more definite statement, (ECF No. 22), be WITHDRAWN for failure to appear, pursuant to Local Rule 230(i).

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of these recommendations, Plaintiff may file written objections to the findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the Clerk of the Court be DIRECTED to randomly assign a District Judge to this action.[3]

IT IS SO ORDERED.

Dated:   **January 11, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[3] Following amendment of the Local Rules effective March 1, 2022, a certain percentage of civil cases shall be directly assigned to a Magistrate Judge only, with consent or declination of consent forms due within 90 days from the date of filing of the action. L.R. App. A(m)(1). This action has been directly assigned to a Magistrate Judge only. No consent forms have been returned in this action. Pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c)(7), and Local Rule Appendix A(m), the Court shall direct the Clerk of the Court to assign a District Judge to this action and the Court shall issue findings and recommendations as to the pending motions.