# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKLEY ASSURANCE COMPANY, et al., | Case No. 1:22-cv-00904-ADA-SAB |
| Plaintiffs, | ORDER CONTINUING HEARING ON MOTION TO DISMISS UNTIL APRIL 12, 2023 |
| v. | |
| OLAM AMERICAS, INC., et al., | (ECF Nos. 40, 42) |
| Defendants. | |

Plaintiff Berkley Assurance Company, individually and on behalf of Arte Sano, LLC, filed this action July 20, 2022, against Defendants Olam Americas, Inc. ("Olam"), and Smirk's LTD. (ECF No. 1.) On October 18, 2022, Defendant Olam filed a motion to dismiss, and on December 6, 2022, filed a motion for joinder or more definite statement. (ECF No. 22.) On January 11, 2023, the Court held a hearing on the motions. (ECF No. 30.) No appearances were made on behalf of movant Defendant Olam. On January 11, 2023, the Court issued findings and recommendations recommending that Defendant Olam's motions be deemed withdrawn pursuant to Local Rule 230(i). (ECF No. 33.) As relevant to the somewhat unsettled procedural posture currently, the Court reproduces some of the findings from the Court's recommendation:

> Olam's motion to dismiss was fully briefed and ready for adjudication with the filing of Plaintiff's reply on November 10, 2022. (ECF Nos. 14, 18, 19.) . . .
> . . . The Court set both matters for hearing on January 11, 2023 at 10:00 am. (ECF No. 23.) On December 20, 2022, Plaintiff filed a

stipulation agreeing to extend Plaintiff's time to file an opposition to the motion for joinder. (ECF No. 24.) The filing indicated that Plaintiff was speaking with Arte Sano, LLC ("Arte Sano"), regarding exercising one of the three options proffered in the motion for joinder. (Id. at 2.) The filing was not signed by defense counsel, but an email was attached indicating Olam's agreement with a corresponding extension of the time to file a reply. (ECF No. 24-1.) Despite the proffered option of joining Arte Sano stated in the motion, the filing provided no information concerning a potential agreement to file an amended complaint, nor any proffered extension of the time to file an amended complaint under Rule 15. See Fed. R. Civ. P. 15(a)(1)(B) ("if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). The attached email only reflects Plaintiff requesting an extension to respond to the motion, and Olam agreeing "with corresponding extension on the reply." (ECF No. 24-1.)

On December 27, 2022, Plaintiff filed a notice of filing a first amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), and that it was being "filed as a responsive pleading" to the motion for joinder. (ECF No. 26.) The same date, Plaintiff filed the first amended complaint on the docket, with Arte Sano, LLC, added as an additional Plaintiff. (ECF No. 27.) On January 6, 2023, Plaintiff filed a notice of adding Arte Sano as a party. (ECF No. 29.) No reply was filed to the Plaintiff's first amended complaint, indicating whether the amendment was sufficient to moot out Olam's motion(s), or otherwise any filing regarding the motions before the January 11, 2023. hearing was held. . . .

. . . It is not completely clear if Plaintiff's amended complaint would satisfy Olam's specific requirements alluded to in the motion for joinder, although it appears to be in line with the motion's request. (ECF No. 22 at 11.) The Court wished to inquire from Olam at the hearing as to whether the motions were moot and whether the amended complaint should be deemed operative and that the amendment was appropriately filed. Given no reply and no appearance by Olam, perhaps counsel believed the motions were moot with the purported filing of the first amended complaint, however, counsel did not appear and the Court is left without a full picture of the parties' positions on the procedural posture of this case in relation to the motions . . .

 . . . At the hearing, Plaintiff presented arguments concerning the ability to file an amended complaint pursuant to Rule 15, proffering that the motion for joinder reset the period for amendment, and the extension of time to file an opposition extended the period further. The Court finds the arguments reasonable. Further, even if Plaintiff were required to move for leave to amend, the standards for granting amendment at this stage of the pleadings would be extremely liberal. However, Defendant Olam has not been heard on the issue, and while they failed to appear, at the hearing, counsel for Defendant Smirk's was present,

>and that counsel indicated they were not prepared to discuss the issue of the propriety of amendment as they were only attending the hearing prepared to observe the arguments concerning Defendant Olam's motions. Thus, while it appears the amendment may likely be proper under Rule 15, the Court is wary of making a determinative finding regarding the amendment until the parties have had meaningful opportunity to be heard on that particular issue, or at least to meet and confer following the hearing . . .
>
>Thus, the Court will recommend Olam's motions be withdrawn for failure to appear, however, the Court will not make any further recommendations concerning Plaintiff's submitted first amended complaint, at this juncture. In this regard, the likely most prudent course of action is for the parties to stipulate to some sort of agreement regarding the filing of the amended complaint and the withdrawal of the pending motions. If that is done, the Court can withdraw the findings and recommendations without burdening a District Judge with consideration of these issues, and without delaying this action through the objection period. The Court will also accept a stipulated briefing schedule on a motion for leave to amend if the parties disagree as to the ability for Plaintiff to amend.

(ECF No. 33 at 2-5 (footnotes omitted).)

After the findings and recommendations issued, on February 8, 2023, Defendant Olam filed the motion to dismiss again, as applied to the first amended complaint. (ECF No. 40.) On February 9, 2023, the District Judge referred the newly filed motion to dismiss to the assigned Magistrate Jude for the preparation of findings and recommendations, and/or other appropriate action. (ECF No. 41.) On February 14, 2023, the Court set the hearing on the motion to dismiss for March 29, 2023, before the assigned Magistrate Judge. (ECF No. 42.) On February 22, 2023, Plaintiff Berkley filed an opposition to the motion to dismiss, that in part, argues the motion to dismiss should be denied because of the failure to appear and recommendation to withdraw the initial motion to dismiss. (ECF No. 43.) On March 6, 2023, Defendant Olam filed a reply that argued, in part, the motion to dismiss is proper because the nonappearance should be excused, because the substantive components were not adjudicated, and because the District Judge referred the renewed motion to dismiss. (ECF No. 49.)

In light of the fact the findings and recommendations issued on January 11, 2023, are still pending, and given the parties' arguments proffered in briefing, the Court finds it prudent to continue the hearing scheduled on March 29, 2022. The Court further notes that not all parties

have returned consent or declination of consent forms in this action. To consent or decline to magistrate judge jurisdiction, a party may sign and file the consent form available on the Court's website, at: hhttp://www.caed.uscourts.gov/caednew/index.cfm/forms/civil/. Parties may consent, decline or withhold consent without any adverse consequences, and the assigned Magistrate Judge will not be informed of the individual party's holding or withholding of consent. The Court further notes that the District Judges in the Eastern District are among the busiest in the nation. (See ECF No. 40 entered in Case No. 1:20-cv-01069-ADA-SAB ("The parties are further advised that due to the judicial resource emergency and COVID pandemic, there are more than 130 motions currently under submission in Judge de Alba's recently re-assigned caseload. The Court understands the impact that such a backlog has on the parties and although the Court will continue working diligently to resolve all pending motions, it may still be months before the parties' pending motion is resolved. As such, in light of having the heaviest district court caseload in the nation, limited Court resources, and the need to prioritize criminal and older civil matters over more recently filed actions, this Court strongly encourages the parties to consent to conduct all further proceedings before a U.S. Magistrate Judge.").)[1]

Accordingly, IT IS HEREBY ORDERED that the hearing on Defendant's motion to dismiss currently set for March 29, 2023, in Courtroom 9 (ECF Nos. 40, 42), is CONTINUED to **April 12, 2023, in Courtroom 9, at 10:00 a.m.**

IT IS SO ORDERED.

Dated: __March 23, 2023__

UNITED STATES MAGISTRATE JUDGE

---

[1] Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).