UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKLEY ASSURANCE COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OLAM AMERICAS, INC., et al.,<br><br>Defendants. | No.: 1:22-cv-00904-ADA-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, WITHDRAWING MOTION TO DISMISS AND MOTION FOR JOINDER FOR FAILURE TO APPEAR, DEEMING FIRST AMENDED COMPLAINT OPERATIVE COMPLAINT, AND DEEMING REFILED MOTION TO DISMISS TIMELY AS APPLIED TO OPERATIVE COMPLAINT<br><br>(ECF Nos. 14, 22, 27, 33, 36, 40, 41) |

On July 20, 2022, Plaintiff Berkley Assurance Company filed this action. (ECF No. 1.) On October 18, 2022, Defendant Olam Americas, Inc. ("Olam"), filed a motion to dismiss, and on December 6, 2022, filed a motion for joinder or more definite statement. (ECF Nos. 14, 22.) The United States Magistrate Judge assigned to the case held a hearing on both motions on January 11, 2023, at 10:00 a.m. (ECF Nos. 23, 30.) On that same date, the Magistrate Judge issued findings and recommendations, recommending that the motions be deemed withdrawn pursuant to Local Rule 230(i) for the failure of the movant to appear at the hearing. (ECF No. 33.) The findings and recommendations also directed the Clerk of the Court to randomly assign a District Judge to this action, and District Judge Ana de Alba was assigned to the case. (*Id.* at 5.)[1]

---

[1] Following amendment of the Local Rules effective March 1, 2022, a certain percentage of civil cases shall be directly assigned to a United States Magistrate Judge only, with consent or declination of consent

1

1    As stated in the findings and recommendations, at the January 11, 2023, hearing, Robert
2    Hinckley and Robin Jung appeared on behalf of the Plaintiffs, and John Flock appeared on behalf
3    of Defendant Smirk's LTD ("Smirk's"). (ECF Nos. 30, 33 at 1.) Counsel for Smirk's did not
4    join in the pending motions. (*Id.*) No appearances were made on behalf of movant Defendant
5    Olam, and the Court was not notified as to any reason for the nonappearance prior to the hearing.
6    (*Id.*)

7    As explained in the filings, given the interplay between the two motions, and the first
8    amended complaint filed in the interim period, it was unclear whether the motions were moot, and
9    whether the first amended complaint was properly filed without a stipulation or granting of leave.
10   (ECF No. 33 at 2-5.) The assigned Magistrate Judge wished to discuss this with the parties at the
11   hearing so that it could determine any remaining issues regarding the operative complaint in the
12   action, whether the pending motions were moot, and what issues remained before the Court to
13   adjudicate versus those that the parties were willing to stipulate to for the sake of efficiency. (*Id.*)
14   Without the moving party present, and no filing made prior to the hearing, the assigned
15   Magistrate Judge recommended withdrawal of the pending motions pursuant to Local Rule
16   230(i).[2]

17   On the same day that the findings and recommendations were issued, but before they were
18   docketed, Plaintiff Berkley filed a notice clarifying the timeline concerning the filed amended
19   complaint in relation to Federal Rule of Civil Procedure 15. (ECF No. 31.) The filing was not
20   noted in the findings and recommendations, and thus it is not clear whether the assigned
21   Magistrate Judge was aware of the filing before the findings and recommendations were signed.
22   In the findings and recommendation, the Court declined to make determinative conclusions given
23   that Defendant Olam had not been heard on the issue. (*See* ECF No. 33 at 3-4.) Therein, the

---

forms due within 90 days from the date of filing of the action. L.R. App. A(m)(1). This action was initially directly assigned to a United States Magistrate Judge only.

[2] The recommendations also noted that "the likely most prudent course of action is for the parties to stipulate to some sort of agreement regarding the filing of the amended complaint and the withdrawal of the pending motions. If that is done, the Court can withdraw the findings and recommendations without burdening a District Judge with consideration of these issues, and without delaying this action through the objection period." (ECF No. 33 at 4.)

Court also gave notice that any objections were to be filed within fourteen (14) days after service. (ECF No. 33 at 5.)

On January 25, 2023, Defendant Olam filed objections to the pending findings and recommendations. (ECF No. 36.) Therein, Defendant Olam requested relief from its nonappearance because they mis-calendared the hearing date. (*Id.* at 1-2.) In the first section of its objections, Olam requested that the recommendations not apply to the motion to dismiss but does proffer that, based on the filing of the first amended complaint, the motion for joinder is indeed rendered moot. (*Id.* at 2.) In the second section of the objections, Olam argues that because the first amended complaint is essentially the same, the Court should not withdraw the motion but instead rule on the motion to dismiss as applied to the first amended complaint. (*Id.* at 2-4.) In the third section of the objections, Olam submits that the motion for joinder is indeed now moot with the filing of the first amended complaint. (*Id.* at 4.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case, including Defendant Olam's objections. Having carefully reviewed the matter, the Court finds that the findings and recommendations are supported by the record and proper analysis.

First, the Court acknowledges the failure to appear was due to a mistake by counsel that was quickly addressed in communications to the Court. However, the Court finds no reason to deviate from the recommendation that the motions be withdrawn for nonappearance, given the Magistrate Judge did not recommend that withdrawal be with prejudice against the ability to file a motion to dismiss the first amended complaint. If the recommendations were implemented the day the recommendations issued, Defendant Olam would still have been within its right to file a responsive pleading to the first amended complaint, as the findings and recommendations issued within twenty-one days of the filing of the first amended complaint. (ECF Nos. 27, 33.) Even if the Court did not adopt the recommendation to withdraw the motions, it would find the motions moot with the filing of the amended complaint. *See Falck N. California Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 765 (9th Cir. 2022) ("The amended complaint made the First Amended Complaint no longer operative."); *Huang v. Genesis Glob. Hardware, Inc.*, No.

3

220CV1713JAMKJNPS, 2020 WL 6318206, at *1 (E.D. Cal. Oct. 28, 2020) ("This amendment as a matter of course renders an original complaint null, thereby mooting defendants' motion to dismiss."); *Rhode v. Becerra*, No. 18-CV-802-BEN, 2018 WL 11445975, at *1 (S.D. Cal. June 18, 2018) ("Plaintiffs' Amended Complaint supersedes the original Complaint [and] [b]cause the motion to dismiss targets the original complaint which is no longer in effect, the motion to dismiss is deemed moot.").

Regarding amendment, given no apparent objection from Defendants to the filing of the amended complaint, whether deemed an amendment as a matter of course in relation to the filing of the motion for joinder, or whether the Court grants leave to amend in consideration of the standards for amendment under Federal Rule of Civil Procedure 15, the Court shall deem the first amended complaint properly filed and the operative complaint in this action. *See Amerisource Bergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" (quoting Fed. R. Civ. P. 15(a))); *see also* L.R. 230(c).

After objections were filed, on February 8, 2023, Defendant Olam refiled its motion to dismiss as applied to the first amended complaint. (ECF No. 40.) On February 9, 2023, the Court referred the new motion to dismiss to the assigned Magistrate Judge for the preparation of findings and recommendations and/or other appropriate action. (ECF No. 41.) Considering this, and the above discussion, the Court shall adopt the recommendation to withdraw the motions for failure to appear at the hearing; deem the first amended complaint the operative complaint; and deem Defendant's refiled motion to dismiss timely as applied to the first amended complaint.

Accordingly:

1. The findings and recommendations filed January 11, 2023, (ECF No. 33), are ADOPTED in full;
2. Defendant Olam's motion to dismiss filed October 18, 2022, (ECF No. 14), and motion for joinder or more definite statement filed December 6, 2022, (ECF No. 22), are WITHDRAWN;

///

3. The first amended complaint filed December 27, 2022, (ECF No. 27), is DEEMED the operative complaint in this action; and

4. Defendant Olam's motion to dismiss the first amended complaint filed February 8, 2023, (ECF No. 40), is DEEMED timely as applied to the first amended complaint.

5. With respect to the February 8, 2023, motion to dismiss, (ECF No. 40), findings and recommendations and/or other appropriate action will issue from the assigned Magistrate Judge, pursuant to the Court's February 9, 2023, referral of the matter.

IT IS SO ORDERED.

Dated:   June 7, 2023

_____
UNITED STATES DISTRICT JUDGE